Benjamin F. Miller v. Commissioner.
Miller v. Commissioner
Docket No. 3069.
United States Tax Court
1945 Tax Ct. Memo LEXIS 46; 4 T.C.M. (CCH) 994; T.C.M. (RIA) 45331; November 5, 1945
*46 Wallace C. Magathan, Esq., for the petitioner. John W. Smith, Esq., for the respondent. HARRON Supplemental Memorandum Findings of Fact and Opinion HARRON, Judge: Under the petition filed in this proceeding, petitioner contested respondent's determination that there are deficiencies in income tax for the years 1937, 1938, 1939, and 1940 in the amounts of $625.02, $5,184.57, $4,638.61, and $9,487.44. Under the Memorandum Findings of Fact and Opinion of this Court which was entered on April 10, 1944, and which was affirmed by the United States Circuit Court of Appeals for the Sixth Circuit on February 13, 1945, , the only issue which was tried and argued was decided for the respondent. However, under the Mandate which was filed with this Court on April 12, 1945, this cause was remanded for consideration only of the question whether petitioner is taxable on income from securities contributed by his father, Cyrus Miller, to three trusts created by petitioner. This particular question was not argued by the parties in the original proceeding here, and was deemed to be abandoned by the parties. The circumstances which *47 occasion this report are set forth in the Memorandum Sur Order to File Supplemental Briefs, dated June 11, 1945. The parties have filed supplemental briefs pursuant to an order of this Court dated June 11, 1945. The facts are as follows on the question now before us: Petitioner created three trusts on September 28, 1937, naming himself trustee, to which he conveyed common stock of the Equity Investment Company, which later became Capital Finance Corporation. On December 31, 1937, petitioner's father gave to each trust 80 shares of common stock of Capital Finance Corporation and 40 shares of the preferred stock of that corporation. The income received by each trust from the above stock in the taxable years 1938, 1939, and 1940, was $360.00, $405.50, and $429.73. All other facts relating to the trusts created by petitioner, as found in the Memorandum Findings of Fact and Opinion entered on April 10, 1944, are incorporated herein by reference, and particularly the provisions of the trust agreement. Because of the retention of extensive powers of control over the property which petitioner contributed to the three trusts for his three sons, petitioner is taxable on the income produced *48 by the securities which he conveyed to the trusts under the rationale of , and the cases cited in the Memorandum Opinion which has been entered. The reasoning in the Clifford case is, in general, that the grantor of a trust, under certain circumstances, remains, for tax purposes, the owner of the property he has conveyed to the trust; i.e., he has retained such rights and powers as are consistent with the normal concept of ownership, that he must be regarded as the owner of the property and taxable upon the income which it yields. The situation is otherwise with respect to the property (and the income produced), which was given to the trusts by petitioner's father, unless the facts bring this case within the rule of , affirming , certiorari denied, , (April 9, 1945). The provisions of the trusts relating to the use of the trust income are most important. We are now dealing only with the income earned by the securities given to the trusts by petitioner's father. Cyrus Miller did not give securities to petitioner. His gift was *49 to the trusts, and was made subsequent to their creation. Petitioner is the trustee of the trusts, and it is within his discretion whether income is to be distributed to his sons, the beneficiaries, or accumulated. The trusts do not contain any provisions similar to the provisions in the Mallinckrodt case whereby petitioner could request payment of corpus or income to himself from the trust, if he chooses to do so. There are no provisions in the trusts resembling the crucial provisions in ; certiorari denied, , and in . The question now before us is not controlled by the above cited cases. There are two other factors which must be noted. Petitioner, as trustee, can vote the stock conveyed by Cyrus Miller to the trusts. We must conclude that such power, as trustee, when exercised over stock given by petitioner's father, does not constitute such substantial power nor give such economic benefits to petitioner that, taken alone, this element can be determinative, and can cause petitioner to be taxable upon the income from the Cyrus Miller stock. The total stock in *50 Capital Finance Corporation is widely owned, (750 stockholders), and the total shares outstanding are 335,000 shares, of which petitioner owned 9,100. See . Petitioner, as trustee, through his right to vote the stock held in trust, could not control the Capital Finance Corporation, with or without the Cyrus Miller stock. The second factor to be noted is found in the provision of the trust which provides that if all sons die, leaving no issue, the principal and accumulations of income, that is the corpus of the trust, shall revert to the estate of the donor of the trust. There is, in this provision, a remote possibility that the Cyrus Miller stock and the accumulated income of the stock may revert to petitioner. That possibility is remote, and we cannot find it determinative of the question. In the case of Mallinckrodt, Jr., he was given a power of appointment over the corpus of a trust. In the decision of that case, that power was not regarded as of sufficient importance to be noted as a determinative factor, and the decision was not founded upon that power, but, rather, upon the taxpayer's command over the trust income. The question presented *51 under the main issue was decided against petitioner upon the authority of . Our holding in that case was affirmed insofar as our decision taxed to Stockstrom the income from the property which he placed in trust for his children and grandchildren, of which he constituted himself trustee. However, in that case, as here, it appears from the Circuit Court's opinion that some property was added to the trusts by two of Stockstrom's children, and the income from such donated property was taxed to Stockstrom. See . The Circuit Court said: There is no finding and no statement in the opinion of the Tax Court to suggest the basis of its action, but the matter seems simply to have been treated as part of the principal question. As to this income, the decision must accordingly be reversed, * * * (Italics added). The holding in , is controlling here. It is held that petitioner is not taxable on the income of the stocks donated to the trusts by Cyrus Miller. Decision will be entered under Rule 50.